ELI T. BAXTER v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

May 15, 1908.

Nos. 15,496—(16).

**Evidence of Negligence.**

In a personal injury action the evidence is *held* insufficient to charge defendant with actionable negligence.

Action in the district court for Ramsey county to recover $15,000 damages for personal injuries. The case was tried before Olin B. Lewis, J., and a jury which rendered a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Ayers & McDonald,* for appellant.

*A. H. Bright* and *Munn & Thygeson,* for respondent.

BROWN, J.

Action to recover for personal injuries alleged to have been caused by the negligence of defendant, in which the court below directed a verdict for defendant, and plaintiff appealed from an order denying a new trial.

The facts are as follows: Defendant is engaged in operating a line of railroad between St. Paul and Winnipeg, and at the time of the accident plaintiff was, and for some time prior had been, in its employ as a brakeman on one of its passenger trains. The train upon which plaintiff was so employed arrived at Detroit some time after midnight on the day of the accident, at which place it stopped to receive and discharge passengers. It was the duty of plaintiff, as brakeman, to assist in the loading and unloading of baggage and express packages, and also to assist the passengers, if any, in alighting from or getting onto the train. The train was vestibuled, and as it stopped at the station plaintiff opened the vestibule of one of the cars, and proceeded to the baggage car, where he assisted in loading two trucks of baggage onto the train. Immediately on the completion of this

[1] Reported in 116 N. W. 474.

work, the signal was given the engineer, and the train proceeded on its way. Plaintiff at once started back to enter the train at the vestibule door which he had left open. The wind was blowing hard, and it was snowing. Plaintiff missed the door, but caught onto the closed vestibule at the rear end of the last car. He testified that it was possible to raise the platform of the vestibule by manipulating a catch underneath, and, when so raised, he could open the door and pass in; that, while he was engaged in this effort to thus make his way into the train, he was struck by one of the trucks from which the baggage had been loaded onto the train, and which stood one or two feet from the edge of the platform, and was injured. The claim of negligence on which plaintiff relies for recovery is that the defendant failed to perform its duty to plaintiff in not removing the trucks from which the baggage had been loaded onto the train a greater distance from the edge of the platform before the train passed by. We are unable to discover in the situation any negligence on the part of the railroad company. The time between the unloading of the baggage and the injury of the plaintiff was only a few seconds. The baggage was unloaded, the train immediately started, and within less than half a minute necessarily plaintiff was hit by one of the trucks while he was in a stooping position hanging onto the outside of the car, endeavoring to open the vestibule. The record furnishes no suggestion whatever that the defendant, through the station agent, had time to remove the trucks a further distance from the edge of the platform before the accident happened, or that the company ought to have anticipated that immediately on the train leaving the station the plaintiff would be found in the perilous position in which he was, and therefore chargeable with negligence in not removing instantly the trucks so as to avoid contact with his person.

We are of the opinion that the learned trial court correctly instructed the jury to return a verdict for defendant, and the order appealed from is affirmed.