# WALTER C. McMILLAN v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

February 13, 1914.

Nos. 18,373—(240).

**Injury to brakeman — questions for jury.**

1. Plaintiff, in attempting to enter the train of which he was brakeman by raising from the outside the vestibule trap-door of one of the cars while the train was in motion, moving slowly, was injured by reason of an alleged defect in the trap-door, which defect, when the door was raised to an upright position, prevented its fastenings from operating properly, in consequence of which it fell upon and permanently disabled plaintiff's thumb and the joints thereof. It is *held:*

(a) Whether the trap-door was defective, and defendant negligent in permitting it to remain out of repair; (b) whether plaintiff followed a usual custom in attempting to board the train in this manner, or in doing so violated instructions of his superior, the conductor of the train, and (c) whether he assumed the risk of injury, were questions of fact and that the verdict is supported by the evidence.

**Damages not excessive.**

2. The damages are not excessive.

Action in the district court for St. Louis county to recover $5,380 for injuries sustained by plaintiff brakeman while in the employ of defendant. The answer alleged that plaintiff's injury was caused wholly by his negligence, which contributed directly to his injury, and that he assumed the risks of his employment. The case was tried before Fesler, J., who denied defendant's motion for a directed verdict, and a jury which returned a verdict of $1,529 in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*C. W. Bunn* and *Washburn, Bailey & Mitchell,* for appellant.
*John Jenswold, Jr.,* for respondent.

[1] Reported in 145 N. W. 613.

BROWN, C. J.

Action for personal injuries, in which plaintiff had a verdict and defendant appealed from an order denying its alternative motion for judgment or a new trial.

The only questions presented are: (1) Whether the evidence justified the jury in finding negligence on the part of defendant; (2) whether plaintiff assumed the risks incident to the use of the alleged defective instrumentality; and (3) whether the damages are excessive.

The facts are as follows: Defendant operates a line of interstate railroad between points in this and in the state of Wisconsin, and the action is predicated upon the Federal Employer's Liability Act.[1] Plaintiff was in its employ as a brakeman upon one of its passenger trains running between St. Paul, Superior, Wisconsin, and Duluth. He had been in this service for a year or more, and was head brakeman on this train. The train was vestibuled, and the space between the cars entirely inclosed. Trap-doors were placed immediately above and over the steps leading to the cars, which were held in position by proper latches, with a door leading out of the vestibule. When the trap-door is in position, the door is barred and cannot be opened, and entrance to the cars from the outside is thus prevented. The vestibule is always kept closed when the train is in motion, and the brakemen are charged with the duty of attending to this branch of the train service. A train arriving at St. Paul discharges its passengers at the station, and in leaving for Minneapolis backs out and down the yard to a switch connecting with the line to that city, and then proceeds on its journey. At about the point of the switch, or just before reaching it, plaintiff was required, as one of his duties, to deliver some sort of a train record at the switch tower, after which he would return to the train and proceed with it to destination. On the day in question the usual custom was followed, all the vestibules were closed, and the train was backed down to the switch tower. Before reaching the tower plaintiff left the train and deposited the train record as he was required to do. In the meantime the train had passed on and was switched to the Minneapolis line. Plaintiff,

1 [35 St. 65, U. S. Comp. St. Supp. 1911, p. 1322].

in attempting to re-enter the train at this time, received the injury of which he here complains. As already stated when the train left the station all the vestibules were closed, and, to enable plaintiff to re-enter the same after depositing the record, it was necessary to open one of the vestibules. This plaintiff attempted to do, and in this manner: As the train approached him, going slowly, he selected the rear vestibule of the smoking car, and by reaching underneath the same attempted to raise the trap-door, after which his intention was to open the vestibule door and enter the train. The trap-door did not manipulate readily and, after being raised in the manner stated, the latch intended to hold it in position when raised failed to work, the door fell back, catching and seriously injuring plaintiff's thumb. The thumb was so caught that it required some effort and time to release it. Plaintiff thereafter brought this action for the injury so received, charging in his complaint that the same was caused by the negligence of defendant, (1) in that defendant negligently failed to supply the trap-door of the car with a spring which, when the door was released from its fastenings, would automatically raise and thus remain until latched at the top, and (2) in negligently permitting the trap-door and its fastenings to become out of repair and unsuited for use.

1. Plaintiff offered evidence on the trial, tending to show that there was in actual use, by defendant and other railroad companies, a trap-door connected with a spring which would raise and open the door when released, and it was claimed that defendant was negligent in failing to so supply the trap-door of this car. The court submitted the question to the jury, in connection with the further contention, in support of which evidence was offered on the trial, that defendant was negligent in permitting the trap-door in question to become out of repair. It may be doubted whether the evidence is sufficient to justify a finding of negligence in the failure of defendant to equip this car with the automatic trap-door spring, but it is unnecessary to decide the question. The assignments of error are general and challenge the sufficiency of the evidence to support a verdict on either theory of negligence, and as there was no objection to the submission of the particular issue, and no exception to

the charge, at the trial or on the motion for new trial, whether the court erred in so submitting it cannot be considered. If the evidence supports the verdict on the issue whether defendant was negligent in permitting the trap-door to become out of repair, that is a sufficient basis for the plaintiff's recovery, and the other issue becomes immaterial. In the shape the case comes to this court, we have only to consider whether the evidence justifies a finding of negligence under either theory of the complaint.

2. The evidence tendered by plaintiff made the questions whether the trap-door was out of repair to such an extent that the catch or latch by which it was held in an upright position would not uniformly operate, resulting in the fall of the door when raised by one from the outside, and whether the defect, if it existed at all, had existed for such time as to charge defendant with notice thereof, issues of fact for the jury, and the evidence is not so clearly against their finding as to justify interference by this court.

3. The serious question in the case is whether the manner in which plaintiff attempted to board the train was sanctioned and approved by custom in the operation of such trains, and therefore proper railroad service, or whether it was so unusual and so inherently dangerous that it should be declared as a matter of law that he assumed the risks of injury. incident to that method of entering the train. It may be conceded for the purposes of the case that, had plaintiff tripped upon the railroad ties, or stumbled over some object in his path as he walked rapidly along by the side of the car, and in that manner received the injury, he could not hold the company liable. In such case he probably would be held to have assumed the risk. Baxter v. Minneapolis, St. P. & S. S. M. Ry. Co. 104 Minn. 230, 116 N. W. 474. But the injury did not so happen. The evidence tends to show that the conduct of plaintiff on this occasion was the customary method of boarding the train at this place and under the circumstances stated. Plaintiff testified that he had pursued that course during practically all of the time of his service with defendant in connection with this train. It appears from the evidence that the only apparent danger of so doing is from tripping or falling, or coming in contact with a switch-stand or other obstacle near the

track. It further appears that, if the trap-door had been in proper repair and had operated at this time, there would have been no difficulty in boarding the train in this manner, and plaintiff testified that, as all the vestibules are required to be closed when the train was in motion, this was the only way of re-entering the train in a situation like that here presented. He further testified, and of this there is no dispute, that the train was an hour or more behind time, and that he necessarily acted hurriedly, and that it would have been an unusual act to signal the train to stop to permit him to get aboard after delivering the train record. In view of this situation of the case, as presented by plaintiff's evidence, the conclusion naturally and logically follows that the defect in the trap-door was the proximate cause of the injury in question. Though plaintiff testified that he knew of the defect in the door, and that it did not on all occasions operate properly, no prior difficulty had been experienced in opening it from the outside, and plaintiff had no thought of difficulty in so doing, and did not appreciate the probability of such a situation. Whether he assumed the risk, therefore, we think was properly left to the jury. The question of contributory negligence was submitted in harmony with the Federal statute, of which no complaint is made.

The evidence offered by plaintiff, though uncontradicted in some particulars, was not left unchallenged in essential respects. The claim of defect in the trap-door was denied, and the evidence offered by defendant tended to show that it was not out of repair at the time in question. And, while no rule of the company prohibiting employees from entering trains in the manner adopted by plaintiff was shown, the conductor of the train testified that he warned plaintiff of the danger thereof, and instructed him, on occasions of this kind, to leave the vestibule door at the forward end of the smoking-car open and to re-enter the train at that place. This testimony was expressly denied by plaintiff, who insisted that no such instructions had been given him and that he pursued the custom stated with the knowledge of the conductor and without objection from him. The truthfulness of the witnesses was for the trial court and jury. The jury gave credit to the testimony of plaintiff, and the trial judge approved their conclusion. The question being simply one of verity

between the two witnesses, this court cannot well say that the verdict is clearly against the evidence.

4. The further contention that the damages are excessive is not sustained. If the evidence offered by plaintiff and his witnesses is to be believed, the injured thumb is permanently impaired and rendered practically useless. Such being the case the verdict for $1,500 is not excessive.

Order affirmed.