FRED HASS *vs.* ARTHUR A. CAMP and another.

April 3, 1889.

Usury—Evidence.—The testimony in this action, which was brought to recover upon a promissory note alleged by the defendants to have been usurious, examined, and found to have justified the order of the trial court directing a verdict for plaintiff.

Appeal by defendants from an order of the district court for Hennepin county, *Lochren,* J., presiding, refusing a new trial after verdict for plaintiff.

*Stocker & Matchan,* for appellants.

*Fred Hass, Jr.,* and *John H. Randall,* for respondent.

COLLINS, J. Action upon a promissory note made by defendant Baker, payable to the order of defendant Camp; by him sold, indorsed, and made payable before maturity to the order of plaintiff's son; by him sold, indorsed, and made payable to plaintiff before maturity, it is alleged, and (upon the testimony) must be assumed. The defence is usury. The answer sets forth a corrupt, unlawful, and usurious contract and agreement between defendant Camp and plaintiff, through his son and duly-authorized agent, by which it was

agreed that for the loan and forbearance of a certain sum of money plaintiff should receive and retain, and Camp should pay and allow, a stipulated sum as interest, largely in excess of the rate permitted by statute for the use and forbearance of money; that the note in question was executed by Baker without consideration, for Camp's accommodation solely, which fact was known by plaintiff before and at the time he made and entered into the corrupt and usurious agreement, as well as by his son, the agent aforesaid; and that the pretended purchase and transfer of the note by the son was and is a fraud, pretence, and scheme, entered into by said father and son for the sole purpose of evading the law forbidding the taking of a greater rate of interest than 10 per centum. The evidence introduced by the defendants under this answer fell far short of sustaining its allegations, and the court was fully justified in directing a verdict for the plaintiff for the amount of the note. It is not a case, as argued by the appellants, involving the good faith of the alleged sale and indorsement of the note by young Hass to his father, the plaintiff. The defence interposed by the answer is that plaintiff, by his son and agent, entered into the corrupt contract, by which he was to receive and defendants were to pay an usurious rate of interest. But, if the *bona fides* of the transfer and indorsement were in issue, there is a total failure on defendants' part to show that plaintiff did not, as he testifies and as is presumed from the indorsements, obtain the note in the ordinary course of business, before maturity, and for value, unless we give weight to the fact that his vendee was a son who had on one or two prior occasions, at the request of parties who wished to hire money, successfully applied to his father for the desired amounts. It is true that the circumstances under which alleged usurious loans are made frequently tend to lay bare and expose an illegal and corrupt bargain,—a scheme and subterfuge by which an attempt is made to escape the penalties prescribed by statute. There is no device on the part of the money-loaner which cannot be investigated in order to ascertain the facts. A preponderance of evidence is required, however, as in all civil actions, to pronounce the transaction dishonest and fraudulent. *Lukens* v. *Hazlett*, 37 Minn. 441, (35 N. W. Rep. 265.) The circumstances must be of

such a character as to beget something more tangible than a mere suspicion that the transaction is colorable and usurious. In reading the testimony here, it might possibly be mistrusted that the son was acting as the plaintiff's agent when negotiating for the note; but a full belief that he was such agent would not, of itself, justify a verdict for defendants. *Acheson* v. *Chase,* 28 Minn. 211, (9 N. W. Rep. 734;) *Jordan* v. *Humphrey,* 31 Minn. 495, (18 N. W. Rep. 450;) *Strait* v. *Frary,* 33 Minn. 194, (22 N. W. Rep. 295.)

Order affirmed.