WILLIAM F. PHELPS v. THOMAS J. MONTGOMERY.[1]

February 14, 1895.

No. 9229.

**Usury—Finding Sustained.**

Evidence considered, and *held* to sustain the finding of the trial court that the promissory notes in question in this case are usurious.

**Same—Rule of Evidence.**

The rule of evidence in usury cases is the same as in any other civil action. All that is required is a fair preponderance of evidence to establish the fact of usury. There is no device or shift on the part of the lender to evade the statute, under or behind which the law will not look in order to ascertain the real character of the transaction. Lukens v. Hazlett, 37 Minn. 441, 35 N. W. 265, followed.

Action in the district court for Ramsey county. From an order, Willis, J., denying a motion to set aside the decision and for a new trial, defendant appealed. Affirmed.

*C. E. Hamilton* and *T. R. Palmer*, for appellant.

*Briggs & Countryman*, for respondent.

START, C. J. Action to have adjudged void and canceled, as usurious, two promissory notes, bearing interest at the rate of 10 per cent. per annum, and of the aggregate amount of $3,000, made and payable by the plaintiff to the defendant; and to require the defendant to surrender to plaintiff a policy of life insurance and 200 shares of mining stock, assigned to him as collateral security for the payment of the notes. The trial court found that the defendant loaned to the plaintiff the sum of $3,000 on October 4, 1893, which the plaintiff promised to repay in four months, with interest at the rate of 10 per cent. per annum, in accordance with the two promissory notes so executed and delivered by him to the defendant. The court further found that the defendant, as a part of the same transaction, took, exacted, and received from the plaintiff, as and for interest on said loan, in excess of 10 per cent. per annum, 50 shares of mining stock, of the value of $1,250, and directed

[1] Reported in 62 N. W. 260.

judgment to be entered cancelling the notes as usurious, and for a return of the collateral security. The defendant appeals from an order denying his motion for a new trial.

The defendant admits that he received the 50 shares of mining stock, but denies that they formed any part of the loan transaction, and claims that the plaintiff gave them to him to interest him in the mine of the plaintiff. The plaintiff claims that the 50 shares of stock were exacted and given as a bonus, pure and simple, for making the loan. The only practical question of fact in the case was and is, for what purpose were the 50 shares of stock given and received? If, in fact, they were exacted by the defendant as a condition of his making the loan, no matter what name the parties may have given to the transaction, whether gift or bonus, or what formal contracts the parties may have executed, the court must hold the loan usurious and void, for the law, in such cases, regards the substance and effect of what the parties have done or agreed to do. All that is required to establish a case of usury is a fair preponderance of the evidence, and there is no device or shift, on the part of the lender to evade the statute, under or behind which the law will not look for the purpose of ascertaining the real character of the transaction. Lukens v. Hazlett, 37 Minn. 441, 35 N. W. 265. Therefore, the executory agreement of the parties with reference to the terms of the loan is not conclusive evidence, as claimed by the defendant, that the 50 shares constituted no part of the loan transaction. On the contrary, it has no tendency to corroborate his claim that the 50 shares were a gift, for it does not purport to deal with the 50 shares, only with the 200 shares. There is no presumption that they would have been included if they were to be given as a bonus. The testimony of the witness Hamilton tended to corroborate the defendant's claim that the 50 shares were a gift. It is claimed by defendant that this testimony and other material evidence were ignored, and in effect stricken from the record, by the trial judge, in orally announcing, at the close of the trial in open court, and in presence of counsel, his reasons for his findings of fact. If what was said by the judge is considered as a whole, it is not fairly open to the criticism urged.

The material part of the decision was the finding of the ultimate facts, not the reasons, whether right or wrong, for the conclusion

reached; and, if counsel had any reason to apprehend that the court had forgotten or omitted for any reason to consider and give effect to material evidence, the attention of the court should have been called to the omission at the time. An answer to the question whether the 50 shares were given and exacted as a condition of the defendant's making the loan depended upon conflicting evidence which we have considered, and it is sufficient to say that the finding of the trial court answering the question in the affirmative is supported by a fair preponderance of the evidence.

Order affirmed.