EMERY ULSETH v. CROOKSTON LUMBER COMPANY.[1]

January 26, 1906.

Nos. 14,469—(136).

**Negligence—Evidence.**

In a personal injury action, the evidence considered, and *held* not to show actionable negligence on the part of the defendant.

Action in the district court for Polk county by plaintiff, a minor, by his guardian ad litem, to recover $2,000 for personal injuries. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and new trial granted.

*Davis & Hollister,* for appellant.

*H. Steenerson, Charles Loring,* and *Martin O'Brien,* for respondent.

[1]Reported in 106 N. W. 307.

ELLIOTT, J.

This is an appeal from an order denying the defendant's alternative motions for judgment notwithstanding the verdict or for a new trial. The plaintiff, Ulseth, a boy about fifteen years old, was in the employ of the Crookston Brick & Tile Company. On November 16, 1904, he was sent to the defendant's lumber yard to get two sticks of timber. With an employee of the defendant named Munson he drove alongside the pile of lumber from which the timbers were to be taken. The forward end of the wagon was near the lumber pile, and the rear end a few feet farther away. Munson got onto the lumber pile, and Ulseth remained on the wagon. The timbers were eight by eight inches, and twelve feet long. The first stick was loaded upon the wagon without difficulty. Munson shoved one end of the second stick onto the wagon, where it was taken by Ulseth and pulled forward toward the fore part of the wagon. While they were in this position, Ulseth shoving his end forward and Munson holding the other end, Munson, for some unexplained reason, released his hold, and the stick fell between the lumber pile and the wagon, throwing Ulseth out and injuring him severely.

There is no evidence to show why Munson released his hold on the stick. The complaint alleges that,

> While the said agent well knew that the plaintiff was so carrying said timber, he (said agent) carelessly and negligently shoved, threw, and released his hold upon the end of the timber which he (said agent) was carrying, in such a manner that said timber did not strike in said wagon, but struck the side of the wagon box thereof at about the center of said piece of timber, in such manner that the end thereof which plaintiff was carrying struck this plaintiff, etc.

The gist of the charge is that Munson thus "carelessly and negligently shoved, threw, and released his hold upon the end of the timber." There is no evidence whatever to show why or how Munson released his hold upon the timber. It is left entirely to conjecture. The circumstances, so far as disclosed, do not justify any inference as to the cause of the accident. We might conjecture that possibly Munson carelessly attempted to throw his end of the stick of timber into the wagon;

but we might as reasonably assume that his foot or hand slipped while exercising ordinary care. Only Munson and Ulseth were present, and Munson did not testify. Ulseth says:

> When the forward end of the second stick had been shoved over, it rested in the bottom of the wagon box. Then I took hold of it and slid it forward, and while I was sliding it to the front end, I think he was doing the same thing. My back was towards him, I didn't look that way. * * * He lost control of it some way. I don't know whether it slipped out of his hands, or whether he slipped. All I know is that in some manner he lost control of that stick, and that between the two of us it was dropped. * ' * * I haven't any idea how it happened.

Upon this state of the evidence the verdict of the jury cannot be sustained. The respondent invokes the rule stated in Olson v. Great Northern Ry. Co., 68 Minn. 155, 71 N. W. 5, and other decisions of this court, that when the thing causing the accident is shown to be in the possession or under the control of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management thereof use proper care, it will be presumed, in the absence of explanation by the defendant, that it was the result of negligence. But the difficulty is that the instrumentality which caused the injury in this case was not in the possession or under the exclusive control of the defendant, but was being handled by both parties. The facts do not bring the case within the rule of res ipsa loquitur. No presumption of negligence arises from the circumstances. Negligence will not be presumed. The burden of proving negligence as alleged was upon the plaintiff, and not having met this requirement, even to the extent of showing circumstances from which a jury might reasonably infer negligence in the absence of explanation, the order appealed from must be reversed.

Order reversed and a new trial granted.