## DEOLENA CRANDALL v. CHICAGO GREAT WESTERN RAILROAD COMPANY.[1]

December 18, 1914.

Nos. 18,820—(66).

**Injury to switchman — interstate commerce.**

1. The plaintiff's intestate, a switchman, was employed by the defendant in its yards at Oelwein, Iowa, making up a train destined for Minnesota, some of the cars to be set out at stations in Iowa and some carrying local freight to be unloaded on the way, some of the cars in the train being made up having been transported by the defendant from points in Illinois to its Oelwein yards, destined some to Iowa points and some to points in Minnesota, and some of them originating in Iowa, destined some to Iowa points and some to points in Minnesota. The deceased was run over by an intrastate car and the negligence found was in respect of the brake-step of an intrastate car. It is *held* that the defendant was at the time engaged as a common carrier in interstate commerce and that the deceased was employed by it in such commerce, and that the Federal Employers' Liability Act (35 St. 65, c. 149), applied.

**Negligence — proximate cause.**

2. The evidence justified a finding that the defendant was negligent in respect of the brake-step; and the jury could find, as a legitimate inference,

[1] Reported in 150 N. W. 165.

---

Note.—Upon the question of the constitutionality, application and effect of the Federal employers' liability act, see note in 47 L.R.A.(N.S.) 38.

without indulging in conjecture that the defendant's negligence in this respect was the proximate cause of the death of the deceased.

Action in the district court for Mower county by the administratrix of the estate of Clifford Crandall, deceased, to recover $35,000 for the death of her intestate while in defendant's employ. The answer denied any negligence on the part of defendant, and alleged that the death of the intestate was caused by his own negligence; that he knew and appreciated the hazards of the employment and assumed the risk. The case was tried before Kingsley, J., and a jury which returned a verdict for $10,625. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Briggs, Thygeson & Everall, Monte Appel* and *Catherwood & Nicholsen,* for appellant.

*Sasse & French* and *Dunn & Carlson,* for respondent.

DIBELL, C.

The plaintiff's intestate, Clifford Crandall, was killed on October 14, 1912, while in the employ of the defendant as a switchman in its yards at Oelwein, Iowa. In an action based upon the Federal Employer's Liability Act (35 St. 65, c. 149), to recover damages for his death, the plaintiff recovered a verdict. The defendant appeals from an order denying its alternative motion for judgment or for a new trial.

1. It is the contention of the defendant that the record does not present a case within the Federal act. The trial court instructed the jury that the Federal act applied. To be within the act the defendant must have been engaged at the time as a common carrier in interstate commerce and Crandall must have been employed by it in such commerce. Second Employers' Liability Cases, 223 U. S. 1, 32 Sup. Ct. 169, 56 L. ed. 327; Pedersen v. Delaware L. & W. R. Co. 229 U. S. 146, 33 Sup. Ct. 648, 57 L. ed. 1125, Ann. Cas. 1914C, 153, and cases cited.

The important facts, determinative of the question, are substantially these: The defendant was making up a train in its yards

at Oelwein, Iowa. The train was destined to a point in Minnesota, though some of the cars were to be set out at stations in Iowa, and some local freight was to be unloaded on the way. Some of the cars, destined for points in Iowa, originated in Iowa, and some came from points in Illinois where the defendant received them for transportation. Some of the cars, destined for Minnesota, originated in Iowa, and some came from Illinois, where the defendant received them for transportation. These cars, some intrastate and some interstate, were being made into the Minnesota train. Crandall was foreman of the switching crew engaged in this work and was run over and killed by an intrastate car, which was one of a string of cars containing both intrastate and interstate cars then being moved in making up the train. The car which ran over him was at the time intended for the Minnesota train; and the negligence found was in respect of the brake-step on this car. Under these facts the case is within the Federal Employer's Liability Act. St. Louis, S. F. & T. R. Co. v. Seale, 229 U. S. 156, 33 Sup. Ct. 651, 57 L. ed. 1129, Ann. Cas. 1914C, 156; Pedersen v. Delaware, L. & W. R. Co. 229 U. S. 146, 33 Sup. Ct. 648, 57 L. ed. 1125, Ann. Cas. 1914C, 153; North Carolina R. Co. v. Zachary, 232 U. S. 248, 34 Sup. Ct. 305, 58 L. ed. 591, Ann. Cas. 1914C, 159, and cases cited. The court rightly instructed the jury that the Federal act applied.

2. It is the contention of the defendant that a causal connection between the defective brake-step and the death of Crandall is not shown.

In making up the train the switching engine and crew went from the lead track south onto a side track, which extended in a northerly and southerly direction, to take out some cars from a string of cars standing thereon. The crew worked on the west side of the train, or the left side looking north toward the engine. Crandall uncoupled the rear car of those to be taken out. This car belonged to the defendant. The evidence supports a finding that the brakestep on the forward end of the car, to the right or east of the center line, was loose and in a defective condition, and that it was so as the result of the negligence of the defendant.

There is no direct evidence as to how Crandall came to his death. Becker, the switchman working with him, climbed up the rear end of the third hind car after Crandall uncoupled and the cars were ready for the movement north. He went forward and released the brake at the forward end of the third car, returning to the rear end of the second car. He says he either released the brake of the hind car or found it released. He rode the second car north to the lead, standing on the running-board near the center. The theory of the plaintiff is that after Becker went on top Crandall climbed up the second car, started to release the brake on the rear car, using the brake-step, and because of its defective condition fell and was run over. Sometimes in the course of the work he released the brake of the rear car. There is evidence that a lantern, evidently that of Becker, went up onto the rear end of the cars as they started. There is evidence that another lantern followed, though it does not appear that it was seen on top of the cars. There was a heavy white frost. There were marks of steps from the top of the ladder of the second hind car to the running-board, turning thence toward the hind car. The frost about the brake-step was disturbed. The frost on the brake-step was scraped off. Opposite the brake-step on the rear end of the second hind car was a spot of oil such as is used in railroad lanterns. Crandall's body was found a few car lengths north of where the cars were uncoupled. His lantern was near. His head was severed from his body and lay on the right or east side of the outer rail and his body was between the rails. The right or east forward trucks of the hind car were bloody.

It is familiar law that a causal connection between the act of negligence found and the injury for which damages are given must be established. It is not enough that the evidence be consistent with the theory that the negligent act caused the injury; it must be such as to show, by legitimate inferences of fact, that it did cause it. The evidence need not be direct; it may be circumstantial. Mitton v. Cargill Elevator Co. 124 Minn. 65, 144 N. W. 434, and cases cited.

We are of the opinion that from the evidence the jury might find

by legitimate inference, without a resort to conjecture or speculation, that Crandall's death came from the defective brake-step.

A number of assignments challenge rulings on evidence and instructions to the jury. We have examined them in detail and thoroughly. We find no error.

Order affirmed.