## JOHN McGILLIVRAY v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 9, 1917.

No. 20,529.

**Railway — insufficient evidence of negligence — res ipsa loquitur.**

A locomotive of defendant became derailed at a highway crossing by striking a pile of sand and gravel that was upon the crossing. Plaintiff, the fireman, was injured. The evidence failed to show how the sand and gravel came to be there, or that it had been there any length of time before the accident. It is *held*:

(1) The rule of res ipsa loquitur has no application, as the crossing was not in the exclusive possession or control of defendant.

(2) The evidence did not justify an inference of negligence on the part of defendant.

Action in the district court for St. Louis county to recover $25,000 for injuries received while in the employ of defendant. The case was tried before Dancer, J., who at the close of plaintiff's case granted defendant's motion to dismiss the action. From the order of dismissal, plaintiff appealed. Affirmed.

*W. A. Watts* and *W. P. Crawford,* for appellant.

*Baldwin, Baldwin & Holmes* and *M. L. Countryman,* for respondent.

[1]Reported in 164 N. W. 922.

BUNN, J.

This appeal is by plaintiff from an order denying a new trial. The action was dismissed at the close of plaintiff's case on the ground that the evidence would not sustain a verdict for plaintiff. The question for our decision is whether or not this ruling was right.

The case as it stood when the motion to dismiss was granted may be stated as follows: Plaintiff was the fireman on an engine of defendant that was pulling a passenger train between the cities of Grand Rapids and Virginia, Minnesota. Between these points defendant's railroad passes over at grade a highway crossing at the flag station of Alice. July 4, 1916, as the engine was running over this crossing it left the track and with the baggage car was derailed. The engine ran some distance on the ties, and then tipped over. Plaintiff, who was in the cab of the engine attending to his duties as fireman, sustained the injuries to recover for which this action was brought. The evidence conclusively showed that what caused the derailment was a pile of sand and gravel upon the crossing. It failed utterly to show how this sand and gravel came to be on the crossing. There was no evidence as to who placed it there, or that it had been there any length of time before the accident.

Plaintiff makes two contentions: (1) The rule of res ipsa loquitur applies; (2) the proof justified an inference of negligence on the part of defendant with respect to the condition of the track at the crossing at the time of the accident.

1. The res ipsa loquitur rule does not apply. Without stopping to consider whether the facts would otherwise bring the case within the rule, it is clear that they do not, for the reason that the condition of the crossing was not exclusively under the defendant's control. The crossing was part of a public highway, heavily traveled. That one of the essentials to the application of the rule is that the thing causing the injury must be under the exclusive control of defendant is too well understood to require discussion. Ulseth v. Crookston Lumber Co. 97 Minn. 178, 106 N. W. 307; Lehman v. Dwyer Plumbing & H. Co. 104 Minn. 190, 116 N. W. 352. Counsel for plaintiff seek to show exclusive control by reference to the statutes of this state (G. S. 1913, §§ 4256, 4257), requiring railroad companies to keep their crossings in repair, and our

decisions on the subject. We confess our inability to see the bearing of these statutes or decisions on the rule of res ipsa loquitur.

2. As no inference of negligence arose from the happening of the accident, it was incumbent on plaintiff to supply evidence from which an inference of negligence would be justified. A finding of negligence could not rest on speculation or guess work. Some testimony as to the worn condition of the crossing planks was introduced, and it appeared that two persons were standing on the crossing as the train approached, and that one of them signalled the train to stop. Counsel asks us to infer from all this that the crossing was being repaired by defendant, and that the men failed in their duty to warn the train of the danger. There was no evidence whatever that the crossing was being repaired, or that the men seen standing there were employees of defendant. That it was the legal duty of defendant to keep this crossing in a safe condition for public travel raises no presumption or inference which justifies a finding that the sand was dumped on the crossing by employees of defendant engaged in the performance of this duty. Indeed it is difficult to see how sand could replace or repair worn planks. It is just as likely that it came there accidentally through some agency not connected with defendant. The evidence was wholly insufficient to justify permitting the jury to guess that defendant's employees placed the sand on the crossing and were negligent in not warning the train. Council for plaintiff does not so much contend that the evidence as it stood would justify a verdict, as he does that the court should have required defendant to disclose any knowledge it had of how the sand came to be on the crossing. This would be in effect applying the res ipsa loquitur rule. That rule not being applicable, we know of no principle upon which it can be said to be the duty of defendant to offer evidence until the plaintiff has made a case which, if unexplained, would justify a recovery. The evidence was wholly insufficient, in our judgment, to justify an inference of negligence on the part of defendant.

Order affirmed.