### WILLIAM BLUME v. JOHN RONAN AND ANOTHER.[1]

December 20, 1918.

No. 20,977.

**Appeal and error — reversal because of split verdict.**
A verdict which palpably splits the difference between the parties without regard to the evidence cannot be permitted to stand.

Action in the district court for Nobles county to recover $470, the alleged price of 11 head of cattle sold and delivered. The answer alleged that defendants bought 12 head of cattle for $450, and plaintiff delivered 11 head of cattle of the agreed and reasonable value of $414 and no more. The case was tried before Nelson, J., who directed a verdict in favor of plaintiff for $470 or for $414. The jury returned a verdict for $450.84. From an order denying their motion for a new trial, defendants appealed. Remanded with directions.

*J. A. Town* and *John F. Flynn,* for appellants.
*George W. Wilson* and *A. W. Tierney,* for respondent.

[1]Reported in 169 N. W. 702.

PER CURIAM.

The court instructed the jury that plaintiff was entitled to a verdict for either of two certain sums, with four months' interest. If they found plaintiff's contention true, that defendants had agreed to pay $470 for the 11 head of cattle delivered to them, that sum with interest should be their verdict. If they found defendants' claim was correct, that they had purchased 12 head for the agreed price of $450 and that plaintiff had failed to deliver one of these of the value of $36, then the verdict should be for $414 with interest. Both parties acquiesced in this manner of submitting the issue to the jury. The jury went out and deliberated for 11 hours; then came into court and asked whether their verdict must be for one or the other of the amounts named in the instructions, or might they find another sum. The court answered: "Your verdict cannot be less than $414 and interest as stated, nor more than $470 and interest, but if you find from the evidence that it should be some amount between those amounts you have a right to so find. It is for you to determine from the evidence what the verdict shall be." The jury retired and promptly returned a verdict for $450.84. It is plain that the jury split the difference to a cent between the two amounts named.

One of the assignments of error on this appeal by defendants from the order denying their motion for a new trial is, that the verdict is not justified by the evidence and is contrary to law. The action was upon a sale contract with a specific price for each animal delivered, as claimed by plaintiff; or else for a gross sum for 12 animals, with a deduction for the one not delivered, as claimed by defendants. We are quite clear that there is no basis for the amount of the verdict. It cannot be computed upon any combination of the prices indicated in the testimony. Nor is it to be accounted for by the suggestion that the jury made a slight mistake in calculation. It is a palpable attempt to split the difference between the parties in disregard of the evidence. We appreciate the reluctance of the court below to grant another trial in a case where such a small sum is at stake, but we see no way of avoiding that result, except by plaintiff consenting to a reduction of the verdict from $450.84 to $422.28. If such consent be filed within ten days after the remittitur goes down no new trial will be had, but if not so filed the court below

will grant a new trial. No statutory costs will be allowed on this appeal.

Remanded with directions.