## BERT L. SKILLINGS, AS ADMINISTRATOR OF THE ESTATE OF GLEN SKILLINGS, DECEASED v. F. A. ALLEN.[1]

January 14, 1921.

No. 22,100.

**Physician — evidence insufficient to support finding of negligence.**

The evidence will not sustain a finding that plaintiff's child contracted the disease from which he died through the negligence of defendant.

Action in the district court for Crow Wing county to recover $7,500 for permitting a child in the peeling stage of scarlet fever to return to her home. The case was tried before Wright, J., who when plaintiff

[1] Reported in 180 N. W. 916.

rested directed a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*A. D. Polk* and *L. B. Kinder,* for appellant.

*C. D. & R. D. O'Brien,* for respondent.

TAYLOR, C.

Plaintiff, an employee of a mining company, lived with his wife and seven children in a one room house at Trommald, about four miles from Crosby. Defendant was the company physician and had a hospital at Crosby. Plaintiff called defendant to attend one of his children, named Alice, who was found to be suffering from an attack of pneumonia. As plaintiff's house was too small and crowded for her to receive proper care at home, she was taken to defendant's hospital at Crosby. After she had been at the hospital about two weeks, the pneumonia was followed by scarlet fever. About two weeks later she had recovered sufficiently to leave the hospital and was taken home. Before taking her home, her mother asked defendant concerning the danger to the other children and was informed that in his opinion Alice would not then communicate the disease. About a week after Alice came home another child, named Glen, a boy not quite three years of age, became sick and three days later died. Plaintiff, as administrator of his estate, brought this action in which he alleged, in substance among other things, that defendant, in his capacity as a physician, negligently and wrongfully advised plaintiff and his wife that Alice could be taken home without danger of communicating scarlet fever to the other children; that in reliance on this advice they took her home; that she was then at the desquamation, or peeling, stage of the disease, and very likely to communicate it to others; that she did communicate it to Glen, and that he died from it. At the trial when plaintiff rested defendant also rested without presenting any evidence, and the court directed a verdict for defendant. Plaintiff appealed from an order denying a new trial and contends that the evidence made a question for the jury.

The burden was on plaintiff to show that Glen died of scarlet fever, that he contracted the disease from Alice, and that he contracted it from her in consequence of the negligent performance by defendant of his duties as a physician.

The parents had not called a doctor during Glen's sickness, deeming it not serious, but immediately after his death called Doctor Pengelly who found two of the other children sick with scarlet fever. Doctor Pengelly made a report of the death of Glen to the health authorities, in which he gave the cause of death as scarlet fever.

In his testimony concerning this report, he states, however, that he "couldn't draw that conclusion from the appearance of the body" as many other diseases might have caused the death, but that knowing they had scarlet fever in the home and lacking other information, he reported the death from that disease because he "considered it the best way out of the situation, though it (the death) might have been (from) some other cause." He further testified that he did not know the cause of death, as he did not attend the child and had made no autopsy, that he was unable to say whether it resulted from scarlet fever or other causes, and that he could give no opinion as to the cause because "it would be mere speculation."

There was evidence that scarlet fever is very contagious, that it is more likely to be communicated to another during the period of desquamation, or peeling, than at any other time, and that Alice was at this stage of the disease when taken home.

The mother gave the most important testimony in the case. It was the mother who testified that defendant stated that, in his opinion, Alice could be taken home without endangering the other children, and who testified that Alice was then at the peeling stage. She also testified that, when defendant informed her that Alice had scarlet fever at the hospital, Alice was broken out with a fine, red rash. She further testified in substance that all the children had had this same rash in the home; that Alice was the first to have it, and had it about two weeks before going to the hospital; that all but two of the children had it before Alice went to the hospital, and had it twice; that the other two, Glen and another, first had it while Alice was at the hospital, and that she observed no difference between the symptoms of the disease which Alice had at the hospital and the symptoms of the disease which the children had in the home. There is no other evidence as to the disease which the children had in the home.

While a jury might, perhaps, legitimately infer from the facts and cir-

cumstances that Glen died of scarlet fever, they could not legitimately infer that he contracted the disease from Alice after her return from the hospital rather than from some of the other children, or from some other source. It follows that the ruling of the learned trial court was correct and the order appealed from must be and is affirmed.