ALICE ALLING, SPECIAL ADMINISTRATRIX OF THE
ESTATE OF ADAM E. ALLING, DECEASED v.
NORTHWESTERN BELL TELEPHONE
COMPANY AND L. A.
SNELLING.[1]

June 8, 1923.

No. 23,371.

**Death from lightning not proved to have been due to defendant's negligence.**

Deceased was killed by lightning while sleeping on the floor of his dining-room. The lightning struck a pine tree standing about ten feet from the house and an automobile standing between the tree and the house, but left no marks to indicate the path by which it entered the house. When removing a telephone several years before, defendant left a piece of insulated wire, some three feet in length, which passed through the wall above a window in the dining-room. One end projected into the room an inch or two at a point about seven feet above the floor; the other hung down the outside wall. It was not connected with anything at either end. Plaintiff claims that the death of the deceased resulted from the negligence of defendant in failing to remove this piece of wire. *Held* that defendant had no reasonable ground to anticipate that leaving this short piece of disconnected wire extending through the wall would result in injury. *Held* further that the claim that the lightning reached the deceased over this wire is based on speculation and conjecture.

Action in the district court for Crow Wing county to recover $7,500 for the death of plaintiff's intestate. The case was tried before McClenahan, J., who at the close of the testimony granted defendants' motion for a directed verdict in their favor. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

*M. E. & C. A. Ryan*, for appellant.

*E. A. Prendergast*, for respondent.

[1] Reported in 194 N. W. 313.

TAYLOR, C.

Alleging that her husband, Adam E. Alling, had been killed by lightning conducted to him by a piece of wire which defendant had negligently failed to remove when removing a telephone, plaintiff as administratrix of his estate brought this action for damages. At the close of the trial the court directed a verdict for defendant and plaintiff appeals from an order denying a new trial.

In 1913, defendant, or its predecessor, installed a telephone in a cottage or small dwelling house at Barrows in Crow Wing county. A number 16 insulated copper wire connected to the telephone passed through the wall of the house above a window in the dining-room at a point about 7 feet above the floor. In April, 1916, defendant removed the telephone together with the wires connected with it except a piece of wire some 3 feet in length which passed through the wall an inch or two; the end outside the house hung down along the side of the window 2 or 3 feet, the extreme end being 5 feet four inches above the surface of the ground. Neither end was connected with anything. It remained hanging in this condition with the outer end swaying in the wind for more than 5 years.

Mr. Alling, with his wife and children, occupied this dwelling-house in 1921. He and one of the children slept on a mattress spread on the dining-room floor the night of August 26, 1921. During the night a severe thunder storm occurred with a heavy downpour of rain. A crash of thunder awoke Mrs. Alling and she called out inquiring if the children were all right. The children all answered, but Mr. Alling did not. She went to him and found him dead. The child at his side was uninjured.

Subsequent examination disclosed that a pine tree about 50 feet in height standing 10 or 11 feet from the house and slightly to one side of the dining-room window had been struck by the lightning, and that a Ford touring car standing between the tree and the house had also been struck. Plaintiff's theory is that the lightning struck the tree, jumped from the tree to the automobile, from the automobile to the piece of wire above mentioned, and from the wire to Mr. Alling's body. She predicates her cause of action on the claim that defendant was negligent in leaving this piece of wire extending

through the wall and that Mr. Alling's death resulted in consequence of that negligence.

The court directed a verdict for defendant and denied plaintiff's motion for a new trial on the ground that defendant could not reasonably have anticipated that leaving this piece of disconnected wire attached to the wall of the house would result in injury to anyone, and on the further ground that whether the bolt of lightning that struck Mr. Alling passed over this wire or followed some other path can only be conjectured.

An attentive examination of the record satisfies us that the trial court was correct in its conclusions. The rules governing such questions are well settled, although it is sometimes difficult to apply them to the facts of a particular case. If a person has no reasonable ground to anticipate that a particular act will result in injury to anyone, the act is not negligent. Christianson v. Chicago, St. P. M. & O. Ry. Co. 67 Minn. 94, 69 N. W. 640; Beard v. Chicago, M. & St. P. Ry. Co. 134 Minn. 162, 158 N. W. 815, L. R. A. 1916F, 866.

"One is bound to anticipate and provide against what usually happens and what is likely to happen; but it would impose too heavy a responsibility to hold him bound in like manner to guard against what is unusual and unlikely to happen, or what, as it. is sometimes said, is only remotely and slightly probable. A high degree of caution might, and perhaps would, guard against injurious consequences which are merely possible; but it is not negligence, in a legal sense, to omit to do so." Boyd v. City of Duluth, 126 Minn. 33, 147 N. W. 710.

To the same general effect are Banner Laundry Co. v. Great Eastern Casualty Co. 148 Minn. 29, 180 N. W. 997; and Childs v. Standard Oil Co. 149 Minn. 166, 182 N. W. 1000.

Plaintiff urges that in order to charge defendant with negligence it is not necessary that the injury which actually occurred could have been foreseen, but that it is sufficient if an injury of any sort ought to have been anticipated as likely to result from the alleged negligent act, and argues that the wire might have come in contact with the eye of some person injuring his sight, or might have

scratched him causing blood poisoning, or might have brought about an injury in other ways. Wires are frequently and commonly attached to the walls of houses as supports for climbing vines or other purposes, with no thought that they create a dangerous situation even if they become loose or broken, and we fail to see any sufficient ground for saying that injury was more likely to result from this short piece of disconnected wire than from such wires. We think that the trial court was correct in holding that the facts brought this case within the doctrine of "unforeseeable consequences," and that defendant cannot be charged with negligence for failing to anticipate and guard against such an unlikely occurrence.

We also concur with the trial court in the view that the claim that there was a causal connection between this wire and the injury rests on speculation and conjecture.

"Causal connection between the negligence claimed and the injury need not be proved by direct evidence, but the proofs must be something more than merely consistent with plaintiff's theory of how the accident occurred." Lewis v. Chicago G. W. R. Co. 124 Minn. 487, 145 N. W. 393.

The burden is on plaintiff to show that it is more probable that the harm resulted in consequence of something for which the defendant was responsible than in consequence of something for which he was not responsible. If the facts furnish no sufficient basis for inferring which of several possible causes produced the injury, a defendant who is responsible for only one of such possible causes cannot be held liable. Bruckman v. Chicago, St. P. M. & O. Ry. Co. 110 Minn. 308, 125 N. W. 263; Narbonne v. Storer, 121 Minn. 505, 141 N. W. 835; Winters v. Minneapolis & St. L. R. Co. 126 Minn. 260, 148 N. W. 106; Hansman v. Western Union Tel. Co. 136 Minn. 212, 161 N. W. 512; McGillivray v. Great North. Ry. Co. 138 Minn. 278, 164 N. W. 922; Lares v. Chicago, B. & Q. R. Co. 144 Minn. 170, 174 N. W. 834; O'Reilly v. Powers M. Co. 144 Minn. 261, 175 N. W. 116; Skillings v. Allen, 148 Minn. 88, 180 N. W. 916; Fitzpatrick v. Rose Donahue Realty Co. 151 Minn. 128, 186 N. W. 141.

In the present case the lightning struck the tree and the automobile, and doubtless caused the death of Mr. Alling, although no ex-

amination was made to determine the cause of death. He was lying on the floor more than 7 feet from the end of the wire. This wire is in evidence. Neither the wire nor the insulation appears to be in any different condition than would be expected after it had hung swinging in the wind for more than 5 years. One witness who examined it the day after the storm thought that he detected a smell of burnt rubber. This examination was made several hours after the lightning occurred and after the wire had been exposed to a heavy rain. As the insulation was not burned enough to be observable, we should hardly expect it to give off an odor of burning after it had been out in the wind and rain for such a length of time.

In what manner or at what place the lightning entered the house is not known. It left no marks by which its course may be traced. We know only that it struck the tree and the automobile outside the house and Mr. Alling within the house. Plaintiff called one expert and defendant called three to give an opinion as to the probable path of the lightning. They all agreed that the lightning would follow the line of least resistance to the earth, but none of them knew, or pretended to know, what line would be the line of · least resistance. Defendant's experts were emphatic in the opinion that this short insulated piece of wire was so located and of such small surface and the lightning of such immense voltage that the electrical charge must have reached Mr. Alling in some other way than over this wire. Plaintiff's expert stated that in his opinion the probable path of the electricity was over this wire, but also stated repeatedly that no one knew and no one could say what lightning would do or where it would go. Plaintiff insists that the testimony of this witness furnished a sufficient basis for an inference that the charge of electricity which struck Mr. Alling entered the house over this wire, but in our opinion his testimony falls far short of removing the question from the realm of conjecture and guesswork.

Order affirmed.