RUTH SMOCK v. MANKATO ELKS CLUB.[1]

July 15, 1938.

No. 31,760.

*Wilson & Blethen,* for appellant.
*Pfau & Pfau* and *C. J. Laurisch,* for respondent.

LORING, JUSTICE.

Plaintiff recovered a verdict for $150 for burns which she suffered and for damage to her dress occasioned by her dress taking fire while she was attending a party at the defendant's club rooms on the evening of December 31, 1936. Defendant has appealed from a judgment entered after its motion for judgment notwithstanding the verdict had been denied.

Briefly, the plaintiff claims that the defendant negligently allowed inflammable material to collect upon its floors during its New Year's Eve party, and that it was negligent in failing to provide receptacles for used matches, cigar stubs, and other refuse;

[1]Reported in 280 N. W. 851.

a fire extinguisher or sufficient servants to maintain order or discipline among its guests. Just how these acts of alleged negligence were connected as cause with the burning of the plaintiff's dress is not clear from this record. In his closing argument to the jury counsel for the plaintiff frankly admitted that he had presented no evidence of any witness who knew how the fire started and that he was satisfied that it was not started from a cigarette stub or a cigar stub on the floor, but that it must have started from a match, from a flame, from a match which had become ignited on the floor, or possibly from one which somebody had thrown. We need not discuss the question of the defendant's negligence or whether or not proper care had been taken by it in regard to rubbish which may have accumulated upon the floor during the party. There is evidence that the floor was swept clean just prior to the commencement of the party and that it had been thoroughly cleaned on the forenoon of that day. But since a careful examination of the record does not disclose whether the accumulation of this rubbish or a failure to provide receptacles therefor or any other alleged neglect on the part of the defendant had anything to do with the starting of the fire, we must hold that the plaintiff has wholly failed to establish causal connection between the alleged acts of negligence and the burning of the plaintiff's dress. The evidence is wholly circumstantial. No one saw any fire which communicated itself to the plaintiff's dress. There is no evidence that any rubbish was on fire in that vicinity. The whole matter is within the realm of speculation and conjecture. It was not necessary for the plaintiff to exclude every other reasonable hypothesis by the circumstantial evidence which she introduced, but a jury may not be permitted to guess as between two equally persuasive theories consistent with the circumstantial evidence. The evidence must be something more than consistent with the plaintiff's theory of how the accident occurred. Reasonable minds functioning judicially must be able to conclude from the circumstances that the theory adopted by the verdict outweighs and preponderates over any other theory. Sherman v. Minnesota Mut. L. Ins. Co. 191 Minn. 607, 612, 255 N. W.

113; Nealis v. C. R. I. & P. Ry. Co. 173 Minn. 587, 218 N. W. 125; Moores v. N. P. Ry. Co. 108 Minn. 100, 121 N. W. 392; Lewis v. C. G. W. R. Co. 124 Minn. 487, 145 N. W. 393; Crandall v. C. G. W. R. Co. 127 Minn. 498, 150 N. W. 165; Kludzinski v. G. N. Ry. Co. 130 Minn. 222, 153 N. W. 529; McGillivray v. G. N. Ry. Co. 138 Minn. 278, 164 N. W. 922; Lares v. C. B. & Q. R. Co. 144 Minn. 170, 174 N. W. 834; Skillings v. Allen, 148 Minn. 88, 180 N. W. 916; McNamee v. Hines, 150 Minn. 97, 184 N. W. 675; MacIntosh v. G. N. Ry. Co. 151 Minn. 527, 188 N. W. 551; Alling v. N. W. Bell Tel. Co. 156 Minn. 60, 194 N. W. 313; C. M. & St. P. Ry. Co. v. Coogan, 271 U. S. 472, 473, 46 S. Ct. 564, 70 L. ed. 1041.

Judgment must be reversed with directions to the trial court to enter judgment for the defendant notwithstanding the verdict.