## CARL H. DEGE v. PRODUCE EXCHANGE BANK OF ST. PAUL.[1]

February 6, 1942.

No. 32,958.

W. H. Fallon, for appellant.
Leo J. Maher, for respondent.

LORING, JUSTICE.

Action by the administrator of the estate of Albert C. Dege, deceased, to recover money alleged to have been paid to defendant

[1]Reported in 2 N. W. (2d) 423.

as usurious interest on certain loans. The jury returned a verdict for plaintiff for $750, and defendant appeals from an order denying its alternative motion for judgment or a new trial.

Defendant claims that (1) the evidence is insufficient to sustain any verdict for plaintiff, and (2) the verdict was a "split" one and thus contrary to law.

Defendant was a small commercial bank located in St. Paul. Santo Speranza was its president, principal loaning officer, manager, and a director. During the period between May 4, 1938, and February 28, 1939, either defendant or Speranza personally made 18 separate loans to deceased for which he gave demand promissory notes payable to defendant. Plaintiff claims that defendant made the loans and that deceased paid usurious interest in advance to defendant. Defendant claims that Speranza personally lent the money and that it received neither principal nor interest.

Plaintiff introduced in evidence books and accounts of the deceased showing, among other things, entries of certain checks. According to the entries, some of the checks were for payments on the principal of the loans, and others were for interest on the loans (entries marked "interest" and "expense"). These books also showed that amounts representing the principal checks were entered in defendant's account and that amounts representing the interest checks were entered in its expense account. The corresponding cancelled checks were also introduced. The checks for both interest and principal, payable to defendant, were cancelled without endorsement. Dates on most of the interest checks corresponded to the date of the note representing the loan on which they prepaid interest. For example, plaintiff's exhibit A was a demand note of deceased's payable to defendant, dated May 4, 1938. Plaintiff's exhibit B was an interest check of deceased's payable to defendant, dated May 4, 1938. Furthermore, nearly all the interest checks for the corresponding loans were at the same rate, viz., $30 per $1,000.

Defendant introduced bank records and reports of examination which showed no loans to deceased. Speranza, testifying that he

personally made the loans in question, denied that he charged or collected usurious interest and asserted that in some instances he charged no interest at all. Michelson, an employe and director of the bank, also testified that the bank did not make the loans or receive the interest.

1. While the testimony of Speranza and Michelson is not contradicted by direct testimony, the inference which the jury might reasonably draw from the checks, notes, and accounts justifies a finding that the transaction was in fact with the bank. The rule of O'Leary v. Wangensteen, 175 Minn. 368, 221 N. W. 430, does not apply where circumstances and other facts tend to contradict direct testimony. As well said by this court, speaking through Mr. Justice Mitchell, in Missouri, K. & T. Trust Co. v. McLachlen, 59 Minn. 468, 475, 61 N. W. 560, 562:

"It is, of course, true, as counsel suggests, that usury is not to be presumed, but must be proved, and cannot be found on mere suspicion, however strong. But 'proof' is merely that quantity of evidence which produces a reasonable assurance of the existence of the ultimate fact. The devices resorted to to cover usury are so numerous and various that direct and positive evidence is often not attainable; but the courts have never hesitated to pronounce a contract usurious whenever the circumstantial evidence, intrinsic or extrinsic, reasonably satisfied them that such was the fact."

Circumstantial evidence may be more convincing than direct testimony, particularly when the foundation of the inference is real evidence. We think that the evidence in this case satisfies the test of the sufficiency of circumstantial evidence to support a verdict in a civil case, namely: "Reasonable minds functioning judicially must be able to conclude from the circumstances that the theory adopted by the verdict outweighs and preponderates over any other theory." Smock v. Mankato Elks Club, 203 Minn. 265, 266, 280 N. W. 851, 852; Sherman v. Minnesota Mut. L. Ins. Co. 191 Minn. 607, 612, 255 N. W. 113.

In view of the finding which the jury was entitled to make, there was a fulfillment of the requirement of "corrupt intent," de-

fined by this court in Cemstone Products Co. v. Gersbach, 187 Minn. 416, 419, 245 N. W. 624, 625, as the "intent to take or receive more for the forbearance of money than the law permits," which "is true whether or not the taker knows he is violating the usury law."

2. Defendant contends that because the nature of the usury statute is penal the ordinary civil requirements of proof are not to be applied. There are cases that tend to support this view. Defendant cites Yellow Medicine County Bank v. Cook, 61 Minn. 452, 458, 63 N. W. 1093, where this court reversed, after a finding of usury, because the verdict "was manifestly and palpably against the evidence." The court said, "as usury works an absolute forfeiture of the entire debt, the proofs on which it rests should be scrutinized, and the rule as to the effect of a fair preponderance applied, with more strictness than in ordinary civil actions." See also Clausen v. Salhus, 185 Minn. 403, 407, 241 N. W. 56. The court has also said "that the burden is upon a party asserting usury to negative by his proof any hypothesis reasonably drawn from the evidence which would render the transaction lawful." Fred G. Clark Co. v. E. C. Warner Co. 188 Minn. 277, 289, 247 N. W. 225, 229 (also cited by defendant) ; Palmer v. First Minneapolis Trust Co. 179 Minn. 381, 384, 230 N. W. 257, 258.

On the other hand, in Phelps v. Montgomery, 60 Minn. 303, 304, 62 N. W. 260, 261, the court stated: "All that is required to establish a case of usury is a fair preponderance of the evidence." Cf. Hass v. Camp, 40 Minn. 329, 42 N. W. 20 (preponderance of evidence test applied). We regard the language of Mr. Justice Mitchell, quoted ante, as in accord with Phelps v. Montgomery, supra.

In view of the apparent conflict in our opinions, we take this occasion to clarify the rule. The degree of proof of usury, whether asserted defensively or as the basis for affirmative relief, shall be the same as the degree of proof in the ordinary civil case, that is, proof by a fair preponderance of the evidence.

3. Though the evidence was sufficient to sustain a verdict for plaintiff, the verdict of $750 returned was so obviously a "split"

one that it cannot be sustained. While the evidence on each cause of action was similar, we do not agree with defendant's contention that the jury was required to find all or none of the loans usurious, since, clearly, they could return a verdict for plaintiff for a certain amount only if they found that the loan it represented was usurious. As an illustration, take the first loan of $2,000, made May 4, 1938. Pursuant to the court's charge, which defendant does not attack, the jury was entitled to find either for defendant or for plaintiff in the sum of $70.30 ($60 usurious interest plus interest thereon at six per cent). Defendant's brief in this court contains a chart tabulating the amount of interest paid and the interest on each loan. Defendant maintains that no combination of these amounts equals $750. Plaintiff fails to point out a combination that does. There are many possible combinations. We have found none equaling $750.

The verdict does not respond to the evidence under the law as laid down in the charge, and the conclusion seems inescapable that the jury compromised and split approximately in half the amount asked by plaintiff, *viz.*, $1,518.67. *Cf.* Blume v. Ronan, 141 Minn. 234, 169 N. W. 701 (trial court reversed because jury split difference between possible amounts they could have found owing). The jury in the case at bar must have compromised between the right of recovery and the amount sought. Such a verdict is perverse and cannot be sustained. Willett v. Seerup, 151 Minn. 105, 186 N. W. 225; Siverts v. Dahoot, 150 Minn. 179, 184 N. W. 839; Alden v. Sacramento Suburban Fruit Lands Co. 137 Minn. 161, 163 N. W. 133.

Order reversed and new trial granted.