# ROSA BRUCKMAN v. CHICAGO, ST. PAUL, MINNEAP-OLIS & OMAHA RAILWAY COMPANY.[1]

March 11, 1910.

Nos. 16,424—(207).

**Death by Wrongful Act — Circumstantial Evidence.**

> In an action to recover for death by wrongful act, defendant's negligence appearing, a finding that the negligence caused the accident may be based upon circumstantial evidence. To be sufficient, the circumstances must establish some connection between the negligence and the accident. The evidence in this case fails to show any such connection.

Action in the district court for Ramsey county under sections 1816, 4255 and 4256 of the statutes of Wisconsin by the special administratrix of the estate of William Bruckman, deceased, to recover $5,000 for the death of her intestate.

The facts are stated in the opinion. The answer alleged that decedent's death was caused by his own negligence and that the risks and hazards incident to his employment were assumed by him when he entered the service of defendant. The case was tried before Bunn, J., who directed a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, she appealed. Affirmed.

*O. H. O'Neil,* for appellant.

*James B. Sheean* for respondent.

O'BRIEN, J.

The plaintiff's intestate, William Bruckman, was accidentally killed the night of May 13, 1907, while employed as the head brakeman in a switching crew in defendant's yards at Spooner, Wisconsin. The tracks in the yard ran north and south upon a grade lowering towards the south. The night was very dark, with a slight rain or drizzle falling. An engine was attached to the north end of a train of cars standing upon track No. 4, and moved north with the train be-

[1]Reported in 125 N. W. 263.

yond certain switches. The most southerly car was then detached and shunted upon track 3, after which the next four cars were detached for the purpose of switching them upon track 8. The uncoupling of the cars was done by Cleveland, the foreman of the crew, who directed Bruckman to "tie them down" upon track 8.

The last time Bruckman was seen alive was when Cleveland, after he had given this order, and while the cars were moving very slowly, saw him approach the most southerly car and reach for the ladder. Another switchman, Pavelski, belonging to the crew, saw a lantern apparently carried up the ladder to the top of the car, and shortly after saw it fall to the ground. The car was a gondola, or open coal car, and across the top, at the south or forward end of the car as it was moved, there was a footboard for the use of those operating the car, seven and one half feet long, nine and one half inches wide, and two and one half inches thick. The footboard was originally fastened to the sides of the car by substantial spikes; but it was claimed by the plaintiff that the plank had become loosened, was unsafe, raised at one end, and was no longer level, but inclined outwards, and was an unsafe place upon which to stand, and that the brake arm and brake wheel were not perpendicular, but were loose and unsafe. After the cars had passed, Cleveland readjusted the switch, and, hearing some noise, called, but received no answer. Going forward, he found Bruckman's body lying across the track, face downwards, some eighty-five feet south of the switch; the indications being that the body had been dragged sixty or seventy feet. The brake was found to have been partially set. Upon the close of the evidence a verdict was directed for the defendant, as in the opinion of the court there was nothing to show how the accident occurred. This appeal is from an order denying a new trial.

There was no dispute in the evidence, except as to the condition of the brake and footboard across the top of the car. There was ample evidence to justify a finding that the defects claimed did exist, and we must assume that the condition of the car was so defective that, if there was sufficient evidence to show that the defects caused the accident, the plaintiff would be entitled to recover.

It is true, as counsel for plaintiff contends, that the cause of an

accident may be established by circumstantial evidence, as well as by direct evidence. We do not understand this to be disputed; but, to sustain a finding that a defective appliance caused an accident, it is necessary that some circumstances be shown which establish, not only that the accident may have happened from the cause alleged, but which indicate, to some extent at least, that such was the cause. In nearly every case where circumstantial evidence has been held sufficient to show that death was occasioned by the negligence or unlawful act of another, some circumstances existed which were sufficient to show, not only negligence upon the part of the one sought to be rendered liable, but indicated, further, that such negligence actually caused the accident.

The most recent case in this court upon this question is that of Moores v. Northern Pacific Ry. Co., 108 Minn. 100, 121 N. W. 392. That, which is described in the opinion as a "border case," was one where the deceased was directed to perform certain services during which he might be required to go under or between the cars of a freight train then stationary upon a side track. Without any warning to the deceased, and without ascertaining his position, the conductor, who had directed him to perform this work, caused the train to be put in motion. Shortly afterwards a passenger train passed, but upon another track; and subsequently the mangled body of the deceased was found upon the tracks. It was held that there was sufficient evidence to warrant the conclusion that the deceased, while occupying a position under or between the cars, was caught and killed when the train was negligently started. Other minor incidents were pointed out which also indicated that as the correct conclusion.

In the case at bar there was sufficient evidence to justify the assumption that Bruckman ascended to the top of the car, and that the footboard and brake were defective; but it cannot be said that the defects either did or did not cause his fall. In Rogers v. Minneapolis & St. L. Ry. Co., 99 Minn. 34, 35, 108 N. W. 868, 869, this court said: "The burden was upon the plaintiff to show the alleged negligence, and establish a causal connection between the alleged negligence and the injury. Proof of causal connection may be direct or circumstantial; but the evidence must be something more than con-

sistent with the plaintiff's theory of how the accident occurred." The evidence in this case wholly fails to show this connection, the cause of the accident is altogether a matter of conjecture, and the court properly directed a verdict for defendant.

Order affirmed.