ALICE McNAMEE, AS SPECIAL ADMINISTRATRIX OF THE ESTATE OF CLYDE McNAMEE, DECEASED v. WALKER D. HINES ET AL.[1]

October 14, 1921.

No. 22,242.

**Railway — clearance between tracks in switch yard.**

1. The railway company constructed its switching yard 20 years ago with the clearance between tracks usual at that time. Switching yards

[1]Reported in 184 N. W. 675.

158 M.—7.

recently constructed usually have a greater clearance. If the yard was reasonably safe, continuing to use it without rearranging the tracks so as to provide a greater clearance, is not negligence, unless it appears that such yards are no longer in common use or that changed conditions require a greater clearance.

**Proximate cause of injury.**

    2. To entitle plaintiff to recover, the evidence must show a causal connection between the negligence charged and the injury suffered.

**Inference unwarranted.**

    3. The evidence does not justify an inference that the accident resulted from the negligence charged rather than from some other cause.

Action in district court for Pipestone county to recover $50,000. The case was tried before Nelson, J., who at the close of the testimony denied defendant's motion for a directed verdict on the ground that it appeared there was no negligence on the part of defendant; that the accident occurred solely by reason of contributory negligence of plaintiff's decedent; that as a matter of law plaintiff's decedent assumed the risk of his injury and that even though it were found there was negligence in the premises with respect to construction and maintenance of tracks, it appeared as a matter of law that such negligence was not and could not be the proximate cause of the injury, and a jury which returned a verdict for $5,000. Plaintiff's motion for a new trial was denied. From the judgment in favor of defendant, plaintiff appealed. Affirmed.

*Davis & Michel,* for appellant.

*O'Brien, Stone, Horn & Stringer,* for respondent.

Taylor, C.

Alleging that the death of her intestate, Clyde McNamee, resulted from the negligence of defendant, plaintiff sued for damages. The trial court submitted the case to the jury, who returned a verdict for plaintiff. Thereafter the court directed judgment for defendant notwithstanding the verdict and plaintiff appealed from the judgment so entered. The only question presented by the appeal is whether the evidence was sufficient to sustain the verdict.

Clyde McNamee was foreman of a switching crew in the yards of the Rock Island Railway Company at Council Bluffs, Iowa. The tracks in this yard extend east and west, and connect with a lead track in the usual manner at their western ends. The tracks are numbered from the south toward the north and the distance between the north rail of track 5 and the south rail of track 6 is six feet and six inches. An incoming freight train had been placed on track 6 and the crew of which McNamee was foreman were engaged in "breaking" up this train on the night of September 2, 1919. The crew consisted of an engineer and fireman who operated the engine, and Mr. McNamee and two helpers, W. A. Cone and J. A. Maher. After transferring a dozen or more cars from track 6 to other tracks, they "kicked" two refrigerator cars from the lead track east on track 5. As soon as these cars had cleared the lead track, the engine proceeded east on track 6, passing the refrigerator cars which were moving slowly on track 5, and coupled onto the cars remaining on track 6. When they reached these cars McNamee and Cone, who had ridden to this point on the engine, got off on the south side of track 6. The number of the various tracks to which these cars were to be transferred had been marked on the cars with chalk by the yardmaster. McNamee directed Cone to take down these numbers as the cars passed him and signaled the engineer to back up. In this movement the engine fronted east and moved backward in pulling the cars toward the west lead track. Shortly after the train began backing up, the two refrigerator cars drifting east on track 5 ran over Mr. McNamee, killing him instantly.

Two grounds of negligence are alleged: That the space between the tracks was not sufficient to afford a safe place for employes to stand while cars were passing over both tracks, and that there were "low joints" on track 5 which caused cars passing over it to sway or lurch from side to side.

This yard was laid out and constructed some 20 years ago. Plaintiff's evidence is to the effect that in yards constructed at that time the usual, or standard, clearance between tracks was six feet and six inches as in this yard, but that in yards constructed recently the usual clearance is seven feet and six inches. The duty of a railway company to exercise

reasonable care to furnish a safe place for its employes to work, does not require it to rearrange the tracks in its switching yards so as to conform to the latest methods of minimizing danger, in the absence of a statute requiring the adoption of such methods. If the arrangement is such that the yard is reasonably safe under existing conditions and such as is common in such yards, it is sufficient under the rules governing such matters. Clay v. Chicago, M. & St. P. Ry. Co. 104 Minn. 1, 115 N. W. 949; Dolge v. Northern Pacific Ry. Co. 107 Minn. 242, 119 N. W. 1066, 26 L.R.A.(N.S.) 600; and see McMillan v. Northern Pacific Ry. Co. 125 Minn. 7, 145 N. W. 613. We think that defendant it not chargeable with negligence in continuing to use a yard in which the clearance between tracks was only six feet and six inches, unless it also appears that such yards are no longer in common use or that changed conditions require a greater clearance. Plaintiff scarcely refers to this claim of negligence, but insists that the other claim was established. The witness Cone and the witness Ricketts testified that there were "low joints" in track 5. While the witnesses for defendant vigorously denied the existence of such "low joints," the evidence was sufficient to make this question a question for the jury, if it were material.

The theory of plaintiff is that McNamee was between tracks 5 and 6, and that one of the refrigerator cars swayed or lurched against him in such a manner that he fell beneath the wheels of the rear refrigerator car. The theory of defendant is that McNamee was between the rails of track 5, and while there was struck and run over by the refrigerator cars. Plaintiff concedes that no recovery can be had if McNamee was not between tracks 5 and 6 but between the rails of track 5 at the time of the accident, and relies on the testimony of Cone as justifying the jury in finding that he was between tracks 5 and 6.

The yardmaster testified that a few minutes after the accident, when he was seeking information for the purpose of sending a report to the office, Cone stated that McNamee was between the rails of track 5 and that Cone repeated this statement to him the following morning. On the following afternoon Cone made a written statement to the claim agent in which he again said that McNamee was between the rails of

track 5. At the coroner's inquest, which was held 12 days after the accident, Cone was called as a witness, and there testified that Mc-Namee was between the rails of track 5. At the present trial Cone testified first that McNamee was between tracks 5 and 6; later that he, Cone, was facing toward the east taking down the numbers of the cars on track 6. as they passed and did not see McNamee at the time of the accident as McNamee was behind him, but that he had seen McNamee between tracks 5 and 6 a few moments before. Cone further testified that he had taken the number of the first car on track 6 and was taking the number of the second, when one of the refrigerator cars on track 5 lurched against him, turning him around, and that he then saw Mc-Namee's lantern come out from between the tracks of the rear refrigerator car as if thrown, which was the first knowledge that he had of the accident, and further testified that he did not see the refrigerator cars and did not know that they were still moving until they lurched against him.

Mr. McNamee was found beneath the rear trucks of the rear refrigerator car, lying flat on his back crosswise of track 5—his feet near the south rail and his head and shoulders projecting beyond the north rail. The wheels' had passed over his chest. All the witnesses who saw him in this position state that he had not been dragged along the track. The cars were drifting and must have been moving very slowly when they reached McNamee, for they came to a stop while the rear car was still over him. Consequently, according to plaintiff's witness Roe, who was the only witness who testified concerning this matter, they could not have had sufficient momentum at this point to cause them to lurch suddenly or violently when passing over a low joint. If Mr. McNamee was between the cars on track 5 and those·on track 6, we are unable to conceive how the slow swaying of the cars on track 5, conceding that they did not lurch against him, could have caused him to fall in such a manner as to place his body in the position in which it was found, especially in view of the fact that the body had not been dragged along the track.

All the facts are much more consistent with the theory that when he was struck he was in front of the on-coming cars. It is true that plain-

tiff may establish her case by circumstantial evidence, but such evidence must be something more than merely consistent with her theory. It must tend to show a causal connection between the negligence charged and the injury suffered. It must justify an inference that the injury resulted from such negligence rather than from some other cause. Unless it justifies such an inference it will not sustain a verdict for damages. Rogers v. Minneapolis & St. L. Ry. Co. 99 Minn. 34, 108 N. W. 868; Moores v. Northern Pac. Ry. Co. 108 Minn. 100, 121 N. W. 392; Bruckman v. Chicago, St. P. M. & O. Ry. Co. 110 Minn. 308, 125 N. W. 263; La Pray v. Lavoris Chemical Co. 117 Minn. 152, 134 N. W. 313; Murphy v. Twin City Taxicab Co. 122 Minn. 363, 142 N. W. 716; Mitton v. Cargill Elev. Co. 124 Minn. 65, 144 N. W. 434; Crandall v. Chicago G. W. Ry. Co. 127 Minn. 498, 150 N. W. 165. As said in Kludzinski v. Great Northern Ry. Co. 130 Minn. 222, 153 N. W. 529:

"The burden of proof is upon the plaintiff to prove that some negligent act of defendant caused the death of deceased. It is not incumbent on the defendant to show how the accident happened. If the cause of its happening is not established, the defendant is entitled to prevail. The proof must establish causal connection beyond the point of conjecture. It must show more than a possibility of injury from defendant's acts."

The evidence furnishes no basis for an inference that the accident happened in the manner claimed by plaintiff rather than in the manner claimed by defendant, and the trial court was correct in holding that plaintiff had failed to establish a cause of action.

Judgment affirmed.