## EDITH F. COOGAN v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

October 31, 1924.

No. 24,105.

**Death caused by negligence of defendant.**
1. The evidence sustains a finding of the jury that the death of the plaintiff's intestate was caused by. a bent air line negligently permitted by the defendant along a track in its yards.

**Assumption of risk.**
2. The decedent did not as a matter of law assume the risks.

Action in the district court for Dakota county to recover $50,000. The case was tried before Converse, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $13,500. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment defendant appealed. Affirmed.

F. W. Root, C. O. Newcomb and A. C. Erdall, for appellant.
T. D. Sheehan and H. J. Goodwin, for respondent.

[1]Reported in 200 N. W. 477.

DIBELL, J.

Action to recover for the death of the plaintiff's intestate which occurred while he was employed by the defendant in interstate commerce. There was a verdict for the plaintiff. The defendant moved for judgment notwithstanding. The motion was denied. Judgment was then entered for the plaintiff from which the defendant appeals.

The ultimate question is whether the trial court erred in denying the defendant's motion for judgment notwithstanding. This question involves two inquiries:

(1) Whether the evidence sustains the finding of the jury that the defendant's negligence caused the death of the plaintiff's intestate.

(2) Whether he assumed the risk.

1. The deceased was killed in the yards of the defendant in Farmington. The yard tracks run east and west. The deceased was at the east, on the south of the track. The theory of the plaintiff is that he was coupling or about to couple the air between the caboose and the rear car when a backward movement of the train, which was headed west, killed him. Along the south side of the track, perhaps a foot from the southerly rail, was an air line made of iron pipe an inch or so in thickness normally attached to the top of the ties. For a distance of some 15 feet the pipe was bent upward and inward toward the rail leaving a space of a few inches between it and the ties. The claim of negligence and the only one refers to the condition of the air line at this point. It is conceded that the question of negligence was for the jury; but the defendant claims that a causal connection between the defect and the decedent's death is not shown.

The burden of showing a causal connection is upon the plaintiff. Conjecture or speculation is not enough. The doctrine is easy of statement; its application is often difficult, and it is so here.

No one saw the accident. The decedent's badly mangled body was found near the south rail immediately after the last backward movement of the train. The plaintiff must prevail, if at all, upon the theory that as the decedent was engaged about the coupling of the air his left foot caught under the air line and that its de-

fective condition was the cause of his death. Blood was upon the rear trucks of the rear car. There was some evidence of the dragging of the body along the track. The decedent's false teeth and his tongue and some flesh were found between the rails. The mutilation was mostly on the left side including the left side of the face. On the left side of the decedent's left shoe just above the heel was an indentation such as might have been made if it had been caught beneath the air line. There was evidence that the body was dragged along the track. The position of the body of a man who has met his death in a violent accident, or physical marks thereon, usually do not furnish persuasive proof of the manner of the occurrence. The exact conditions are difficult of ascertainment, and a living body is resistent. They are circumstances for the jury's intelligent consideration. This thought is given expression by Judge Lees in Dushaw v. Great North. Ry. Co. 157 Minn. 171, 195 N. W. 893:

"An inanimate object will fall in the same way whenever the circumstances are the same. But when a man finds himself falling he instinctively tries to save himself, and in so doing may get into surprising and unexpected positions. This was merely one of a number of circumstances to be considered by the jury."

Though the case is a close one we reach the conclusion that the finding of a causal connection between the bent air line and the death of the decedent has substantial evidence in its support. It is not necessary to review the Federal or state cases. They are collected in Hurley v. Illinois Cent. R. Co. 133 Minn. 101, 157 N. W. 1005; Thompson v. Minneapolis & St. L. R. Co. 133 Minn. 203, 158 N. W. 42; and MacIntosh v. Great North. Ry. Co. 151 Minn. 527, 188 N. W. 551. The MacIntosh case in its application of the law to the facts is as favorable to the plaintiff as any.

2. The evidence does not charge the decedent as a matter of law with the assumption of risks. Neither his knowledge of the conditions nor his appreciation of the dangers brings such result. The case is not ruled by Southern Pac. Co. v. Berkshire, 254 U. S. 415, 41 Sup. Ct. 162, 65 L. ed. 335, relied upon by the defendant.

Judgment affirmed.