## MARY J. BREEN v. WALKER D. HINES.[1]

March 13, 1925.

No. 24,391.

**Construction of standard clearance act of 1913.**

1. The standard clearance act of 1913 providing that after the passage of the act it should be unlawful to "erect or reconstruct and thereafter maintain" a structure within a prescribed distance of the center of a railway track refers to the maintenance of such structure or erections as were made after the passage of the act.

**Maintenance of semaphore in yards not negligence.**

2. The evidence shows no negligence, the statute aside, in the maintenance of a semaphore in the defendant's yards at a less distance from the center of the track than that prescribed by the statute.

**Negligence not shown.**

3. The semaphore carried the usual colored lights for signaling. The evidence does not show negligence in failing to have other lights thereon to light the yards for men working in switching operations.

*Headnote 1. See Master and Servant, 25 Cyc. p. 1080.

Headnote 2. See Master and Servant, 25 Cyc. p. 1130.

Headnote 3. See Master and Servant, 25 Cyc. p. 1130.

Action in the district court for Hennepin county against the Director General of Railroads appointed by the President under the act of February 28, 1920. The case was tried before Molyneaux, J.,

[1] Reported in 202 N. W. 726.

who granted defendant's motion to dismiss. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

*Tautges & Wilder*, for appellant.

*Cobb, Wheelwright, Hoke & Benson*, for respondent.

DIBELL, J.

Action by the plaintiff, as administratrix, to recover for the death of her son. At the close of the plaintiff's testimony the action was dismissed. The plaintiff appeals from an order denying her motion for a new trial.

1. The plaintiff's intestate was working as a switchman in the Minneapolis yards. He was engaged in intrastate commerce. While on the side of a car he was injured by coming in contact with a semaphore. One claim is that the semaphore was too near the track in violation of the standard clearance act of 1913. The statute, among other things, provides:

"That on and after the passage of this act, it shall be unlawful for any common carrier, or any other person, to erect or reconstruct and thereafter maintain * * * any permanent or fixed structure * * * at a distance less than eight feet measured from the center line of the track. * * * " L. 1913, p. 438, c. 307, § 2; G. S. 1923, § 4754; G. S. 1913, § 4273.

The semaphore was within less than eight feet of the center of the track. To be exact it was 7 feet and 2¼ inches therefrom. If the statute applies the defendant is liable if its location was the proximate cause of the accident. Under a well understood rule the failure to obey a statute, intended for the protection of railroad men, is such delinquency, conveniently enough called negligence, that liability for its consequences follows.

The semaphore was erected prior to the time of the enactment of the standard clearance act. The statute does not apply. The words "thereafter maintain" refer to the maintenance of structures which railroads are forbidden to "erect or reconstruct" after its passage. The prohibition is against the maintenance of structures erected or constructed after the act. This matter had consideration

in McCann v. M. & St. L. R. Co. 159 Minn. 70, 198 N. W. 300, involving a companion section of the act, where the cases are cited, and it is at rest.

2. Nonobservance of the statute aside, there is no liability, upon the showing made, on the ground of actual negligence in the location of the semaphore. Perhaps such claim is not intended to be urged. Anyway the question is determined adversely to the plaintiff by McCann v. M. & St. L. R. Co. 159 Minn. 70, 198 N. W. 300, and McNamee v. Hines, 150 Minn. 97, 184 N. W. 676, and the cases there cited.

3. The semaphore was a steel pole or standard, 20 or 25 feet high, with a cross arm on which were signal lights. It was a facility for signaling through the use of differently colored lights. That was its purpose and it fulfilled it. It was not intended to light the yard for the trainmen working about the cars, nor were the lights placed as a warning for them. There is no basis under the evidence for a charge of negligence in not having other lights on the standard.

The accident occurred on December 24, 1918. The deceased lived a month. Whether the evidence sustains the view that his injury was a cause of his death is not important. Nor do we stop to consider the claim, argued at length, that under the railway employers' liability act, L. 1915, p. 253, c. 187, prior to the amendment of 1923, L. 1923, p. 485, c. 333, G. S. 1923, § 4939, an action for death could be maintained in the name of the personal representative. If there is real question, it is unlikely to arise again, and we leave it without discussion.

Order affirmed.