# E. T. NEALIS v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.[1]

February 24, 1928.

No. 26,483.

**Circumstantial evidence in proof of causal connection between negligence and an accident.**

Causal connection between negligence and an accident may be established by circumstantial evidence. Such evidence must be something more than consistent with plaintiff's theory. The causal connection must be fairly and reasonably inferable from the facts and circumstances actually disclosed by the evidence; it cannot be left to conjecture.

Judgments, 33 C. J. p. 1185 n. 52.
Negligence, 29 Cyc. p. 624 n. 18.

Action in the district court for Steele county by the special administrator of the estate of Dennis J. Nealis to recover damages for his death. There was a verdict for the plaintiff. From a judgment for defendant notwithstanding the verdict, Senn, J. plaintiff appealed. Affirmed.

*Tautges, Wilder & McDonald,* for appellant.
*O'Brien, Horn & Stringer,* for respondent.

WILSON, C. J.

Appeal from a judgment in favor of defendant entered after its motion for judgment notwithstanding a verdict for $15,750 was granted.

Plaintiff's intestate was a switchman in the service of defendant. He was standing on the sill at the front end of a loaded gondola car which was being moved by gravity. His duty was to control the movement by the hand brake and stop the car at the proper place. He was seen near the brake staff and a moment later in his fatal fall under the wheels. After the accident the brake was found to be partially wound up.

The brake staff was bent about two inches above the sill and was thereby thrown an inch or two out of line. Perhaps it was bent

[1]Reported in 218 N. W. 125.

10 or 15 degrees.   It seemed loose in the hole through the sill.   It wobbled.   Plaintiff claims that when a staff works properly the chain winds around the body of the staff in a spiral way, but that in this case the chain would pile up and slip off having a tendency to throw the operator off balance.

We will assume that the brake was defective and that its defective condition was negligence.

Plaintiff's case rests upon circumstantial evidence to establish a causal connection between such negligence and the accident.   Such proof is not established when the evidence is merely consistent with plaintiff's theory of how the accident occurred.   The rule is that circumstantial evidence in such a case must furnish a reasonable basis for the inference by the jury of the ultimate fact that the negligence was the cause of the accident.   The burden is upon the plaintiff to show that the causal connection is fairly and reasonably inferable from the facts and circumstances actually disclosed by the evidence.   Such evidence must justify an inference that the accident resulted from such negligence rather than from some other cause.   The causal connection must not be left to conjecture.   McNamee v. Hines, 150 Minn. 97, 184 N. W. 675, and cases therein cited; Bruckman v. C. St. P. M. & O. Ry. Co. 110 Minn. 308, 125 N. W. 263; MacIntosh v. G. N. Ry. Co. 151 Minn. 527, 188 N. W. 551; Lewis v. C. G. W. R. Co. 155 Minn. 381, 193 N. W. 695; Alling v. N. W. Bell Tel. Co. 156 Minn. 60, 194 N. W. 313; Maher v. Duluth Yellow Cab Co. 172 Minn. 439, 215 N. W. 678; O'Connor v. C. R. I. & P. Ry. Co. 129 Iowa, 636, 106 N. W. 161; C. M. & St. P. Ry. Co. v. Coogan, 271 U. S. 472, 46 S. Ct. 564, 70 L. ed. 1041, reversing 160 Minn. 411, 200 N. W. 477.

We are of the opinion that the instant case is controlled by the case of Bruckman v. C. St. P. M. & O. Ry. Co. 110 Minn. 308, 125 N. W. 263, in which the facts, in all material respects, were identical with the facts in this case as is illustrated on page ten of respondent's brief.   We conclude here, as the court did in that case, that the proofs fail to meet the requirements of the rule above stated.

Affirmed.

STONE, J. took no part.