# THOMAS J. NOLAN v. ADALEEN NEWFERT.[1]

January 31, 1930.

No. 27,606.

*Sexton, Mordaunt & Kennedy,* for appellant.
*Alphonse A. Tenner,* for respondent.

HOLT, J.

Appeal from an order denying defendant's motion in the alternative for judgment non obstante or a new trial.

[1] Reported in 229 N. W. 97.

Plaintiff, a young man, lived next door to defendant in the city of Minneapolis. Defendant purchased a Chevrolet coach in June, 1927. She had never before driven a car. Plaintiff and Engelgau, another young man rooming in plaintiff's home, taught defendant to drive and, when she had difficulty in starting the car on account of the run down condition of the battery, one or the other of them would crank the car for her. About six o'clock in the evening of November 20, 1927, the car parked in front of defendant's house could not be started with the self-starter, and plaintiff went to assist the defendant. She entered the car, plaintiff took the crank from under the driver's seat, adjusted the gas and spark levers, stepped in front of the radiator, inserted and turned the crank. The engine started, he took out the crank to replace it under the seat, but before he got to the door of the car the engine died. Plaintiff at once returned to repeat the cranking, and as he started to turn the crank the engine backfired, the crank flew back and broke plaintiff's arm. He sued defendant for damages, alleging that she negligently advanced the spark lever just before plaintiff started to crank the second time. Plaintiff had a verdict. The amount thereof is not objected to. The chief contention of defendant is that she was entitled to a directed verdict and should in this court have judgment in her favor.

The evidence justified the jury in finding that in order to start this particular car safely by use of the crank the spark lever should be retarded to the limit, and that both plaintiff and defendant knew that fact. In other words, both knew that if the spark lever was advanced when the crank was attempted to be turned backfiring was apt to occur with resultant danger to the one having hold of the crank handle. On the record before us direct and not circumstantial evidence warrants the conclusion that the cause of the injury was the advanced position of the spark lever. On this feature of the case McNamee v. Hines, 150 Minn. 97, 184 N. W. 675; Nealis v. C. R. I. & P. Ry. Co. 173 Minn. 587, 218 N. W. 125, and the authorities referred to in both opinions, are not applicable; but they do apply to the proof relating to the vital fact whether or not

defendant advanced the spark. Plaintiff testified positively that he fully retarded the spark lever before he undertook to crank, and defendant corroborated him that he was not in position thereafter to touch the lever. Defendant was in position to do it, but she denies that she did. Did the circumstantial evidence justify the jury in inferring that she did advance the lever notwithstanding her denial? When plaintiff was struck defendant at once stepped out of the car, leaving her keys in the transmission lock, and assisted plaintiff to his home. Plaintiff being on the verge of fainting, defendant stepped over to her own home for some restorative and, finding plaintiff's brother there, asked him to lock the car. He did so, bringing the keys into the house. He testified that he did not touch the levers, simply took the keys out of the transmission lock and locked the right door of the coach. Some two hours later Engelgau was given the keys to put the car in the garage, and he testified that the spark lever was then fully advanced. Though defendant's testimony bears the impress of being truthful so far as her recollection went, it also evidences uncertainty and haziness due perhaps to the excitement and distress the accident caused. In our opinion the evidence made it a question of fact for the jury whether intentionally or unwittingly defendant advanced the spark between plaintiff's first attempt to crank and his second. We cannot hold that defendant is entitled to judgment notwithstanding the verdict.

As to the motion for a new trial on the ground that the verdict is contrary to law and not justified by the evidence, what has been said in respect to judgment notwithstanding the verdict determines that it is not contrary to law. Nor do we consider the evidence in support of the verdict so weak or meager that we should order a new trial on that ground after the trial court has denied it. That court did deny the motion for a new trial. No effect can be given to the statement in the memorandum contradicting the order.

The record shows that at the conclusion of the charge the attorneys conferred with the court, whereupon the court instructed the jury further in this language:

"Counsel have called my attention to some parts of the charge in regard to which they request some elaboration. One of these is with respect to direct evidence as distinguished from what might be called circumstantial evidence. Whenever it is necessary to establish a fact, it is not necessary that it shall be established by direct evidence. It may be established by circumstantial evidence if it satisfies your minds to the required extent."

Error is assigned upon the quoted portion. So far as the instruction goes it is not inaccurate. Neither attorney intimated that the "elaboration" was deemed inadequate when given, apparently given upon a suggestion coming from one of them. Their minds were fixed upon that particular subject when the court gave the instruction, and neither party should now have a new trial because of any after discovered deficiency therein.

The only other assignment of error is on the ruling permitting Engelgau to testify as to the position of the spark lever some two hours after the accident when he drove the car into the garage. The testimony as to the locking of the car within a very few minutes after the accident and as to whether or not the spark lever remained in the same position as when plaintiff was hit until Engelgau opened the door made it a matter for the jury, and the court could not exclude Engelgau's testimony for lack of foundation.

There is no error warranting this court in granting a new trial. The order is affirmed.