# MINNIE SWANSON v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY AND ANOTHER.[1]

February 8, 1924.

No. 23,726.

**Verdict sustained by evidence on theory that switching crew disregarded a blue flag.**

1. The evidence sustains a verdict for the plaintiff for damages for the death of her intestate, a car inspector and repairer in the defendant railroad company's yards, upon the theory that a switching crew, disregarding a blue flag, the customary warning, which he had placed on the track on which he was working, pushed a car over him.

**Verdict not sustained on theory that switching crew did not watch for men about cars on the team track.**

2. The evidence does not sustain a verdict for the plaintiff upon the theory that it was the duty of the switching crew to watch for men about the cars on the team track in the yards when making switching movements, and that it negligently failed to do so.

[1]Reported in 197 N. W. 275.

Action in the district court for Ramsey county to recover $7,500 for the death of plaintiff's intestate. The case was tried before Michael, J., who when plaintiff rested denied separate motions by defendants Bauerfield and the railway company for dismissal and at the close of the testimony their motions for directed verdicts, and a jury which returned a verdict for $6,500. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Reversed.

*F. W. Root, C. O. Newcomb* and *A. C. Erdall,* for appellants.
*Samuel Anderson,* for respondent.

DIBELL, J.

Action by the plaintiff as administratrix of her deceased husband to recover damages for his death. There was a verdict for the plaintiff. The defendant railroad company and Bauerfield appeal from the order denying their alternative motion for judgment notwithstanding or a new trial.

There are two questions:

(1) Whether the case was for the jury upon the plaintiff's theory that a switching crew of the defendant railroad, disregarding a blue flag, the customary warning, which the decedent had placed between the rails for his protection while at work about a car, pushed a car over him.

(2) Whether the case was for the jury upon the plaintiff's theory that the switching crew owed a duty, which it negligently disregarded, to keep a lookout for men about the cars on the team track in the switching yard.

1. The plaintiff's intestate was run over and killed on November 28, 1921, by a car in the defendant's switchyards at St. Paul. He was employed as a car inspector and repairer. The defendant Bauerfield was switch foreman. The decedent was working, the plaintiff claims, on switch track number 18, which runs east and west, connecting at the east with a lead track. He was found dead under the westerly tracks of a car at the west end of the track. There was evidence that his body had been dragged between the rails from a point 150 feet or more easterly.

It is the custom of an inspector or repairer, before he engages in work under or about cars on a switch track, to place a blue flag between the rails at a proper distance away, as a warning. This blue flag consists of a metal tripod with a metal flag at the top painted blue, altogether about 3 feet high. Trainmen about the yards must obey its warning. This is the law of the switching yard.

The theory of the plaintiff is that the decedent properly placed the flag when he began to work, and that it was disregarded by a switching crew. It was run over and bent. It was found near the place where the dragging of the body commenced. At this point a glove of the decedent, his cap, and "finger guards" used in repairing, were found. The plaintiff offered evidence having some tendency to prove that there was a dragging mark commencing 3 car lengths, about 120 feet, or perhaps twice that distance, easterly of this point. It is the plaintiff's theory that the decedent set the flag at the point last indicated, and that it was knocked over by the train and dragged to the west and left at the point where the dragging of the body began. Two sons of the decedent testified to the presence of marks between the tracks, as if made by the dragging of a flag.

The decedent procured the blue flag from the repair foreman, shortly after noon, at the request of the freight-house foreman, and was carrying it westerly along the track to the freight house. He did not have his tools with him. He could inspect without tools. He did not have the using of the flag in mind when he got it; but it is conceded, or at least a finding is justified, that if as he passed along the track he saw something needing attention he might make an inspection. His regular inspection, it seems, had been made in the morning.

The theory of the defendant is that the decedent was struck by the car when crossing the track; that he had not set the flag; and that he was not at work about the cars either inspecting or repairing. There was evidence, circumstantial in character, in support of it.

The evidence in support of the plaintiff's theory is circumstantial and not at all conclusive nor altogether satisfying. There is enough of substance in it to make a question for the jury. The law does not stamp it as too conjectural or speculative to afford the basis of a finding favorable to the plaintiff within the doctrine of MacIntosh v. Great Northern Ry. Co. 151 Minn. 527, 188 N. W. 551, and other cases cited there.

2. Track 18 is a team track. Teams and trucks load and unload there. The court charged the jury that it was the duty of the switching crew to keep a lookout for men about the cars on the team track as movements were made in switching; and that if it failed to do so it was negligent.

The situation disclosed did not make it the duty of the defendants to watch for the decedent about the team track. There is testimony that it was the duty of the switchman to be on watch for men about the team track. It has no greater effect as proof than to establish a duty to be on the lookout for the man connected with the trucks or teams loading or unloading. There is no evidence that at this time such men were about the track. The fact seems otherwise. The evidence is that the cars were house cars to be unloaded elsewhere. There was no reason to anticipate that the decedent was working about the cars when there was no blue flag of warning. It was error to submit the second theory of the plaintiff as a ground of recovery. There should be a new trial.

Order reversed.


STONE, J. (concurring in part.)

I concur in the result, but there is one thing in this decision with which I cannot agree, and my disagreement is too pronounced to be altogether silent. I refer to the seeming approval of "the doctrine" of MacIntosh v. Great Northern Ry. Co. 151 Minn. 527, 188 N. W. 551. With the utmost deference to the views of the majority in that case, my own notions of the difference between legitimate inference and mere conjecture are such that I cannot conscientiously permit myself to be bound by that precedent. I think that the minority view of it was the correct one.